UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CORY CHARLES MITCHELL,<br><br>Defendant. | Case No. 4:19-CR-00370-DCN<br><br>**REPORT AND RECOMMENDATION** |

On April 19, 2022, Defendant CORY CHARLES MITCHELL appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. (Dkt. 91.) The Defendant executed a waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 1), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States

**REPORT AND RECOMMENDATION - 1**

Probation Office.

Because the offense to which Defendant entered his guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, the Government moved for detention and a detention hearing was held on March 12, 2020. (Dkt. 21, 27.) The Court entered an Order Setting Release Conditions. (Dkt. 28.) Thereafter, the Court modified the conditions of release on April 28, 2021, to remove the location monitoring and curfew conditions. (Dkt. 66.) Defendant has been mostly compliant with the conditions of his release. However, on June 30, 2021, Probation reported one instance of non-compliance but, nevertheless, recommended continued release. (Dkt. 69.) The Court agreed and ordered Defendant remain on pretrial release.

At the change of plea hearing, the Government did not request detention pending sentencing pursuant to 18 U.S.C. Section 3143. In addition, the Government did not offer any information or state any reason to believe Defendant is at an enhanced risk of flight or danger to the community at this time. Defendant requested to remain on release pending sentencing, for the following reasons: the offense of conviction occurred a few years ago, he has had no further criminal charges, Defendant has performed well on

supervised release, and he is presently providing assistance to his wife who is undergoing testing for severe cardiac issues.

Upon consideration of the totality of the circumstances presented in this case, including the stringent conditions of release, the disruption in the course of Defendant's substance abuse treatment, Defendant's compliance with the terms of his pretrial release, and Defendant's role in assisting his wife with her medical needs, and upon finding Defendant is exceptionally unlikely to flee or cause a danger to the community if release is continued, the Court recommends release be continued. The Court finds that exceptional reasons have been clearly shown by Defendant that detention pending imposition of sentencing would not be appropriate.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant CORY CHARLES MITCHELL's plea of guilty to Count Two of the Indictment (Dkt. 1).

2) The District Court order forfeiture consistent with Defendant CORY CHARLES MITCHELL's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 1) and the Plea Agreement (Dkt. 91).

3) The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss Count Three of the Indictment (Dkt. 1) as to Defendant.

4) The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the

Order Setting Conditions of Release. (Dkt. 28, 69.)

    Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: April 19, 2022

_____
DEBORA K. GRASHAM
U.S. MAGISTRATE JUDGE